Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| TEKCEL, LLC | | APELACIÓN procedente del Tribunal de Primera Instancia, Sala de Mayagüez |
|---|---|---|
| Apelante | | |
| v. | KLAN202400081 | |
| MUNICIPIO DE HORMIGUEROS, PEDRO J. GARCÍA FIGUEROA | | Sobre: *Mandamus* |
| Apelados | | Caso Número: HO2023CV00085 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de abril de 2024.

La parte apelante, Tekcel, LLC, comparece ante nos para que dejemos sin efecto la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Mayagüez, el 19 de diciembre de 2023, notificada el 27 de diciembre de 2023. Mediante el referido dictamen, el foro primario desestimó una petición de *mandamus* promovida por la parte apelante en contra de los aquí apelados, el municipio de Hormigueros, y su Alcalde, Hon. Pedro J. García Figueroa.

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia* apelada.

**I**

El 24 de agosto de 2023, la parte apelante presentó la acción civil de epígrafe. En esencia, alegó que los apelados se negaban a cobrarle los arbitrios de construcción relacionados a un proyecto para erigir una torre de comunicaciones dentro de la jurisdicción municipal concernida, ello como parte del trámite de la solicitud de permiso sometida ante la Oficina de Gerencia de Permisos (OGPe). Al abundar, sostuvo que, desde el año 2023, se encontraba

Número Identificador

SEN2024 _____

efectuando las gestiones pertinentes para cumplir con la obligación en controversia. Sin embargo, indicó que los apelados, sin fundamento legal alguno, incumplieron con su deber ministerial de recibir el pago por el concepto en disputa, ello en contravención a lo dispuesto en los Artículos 2.110 y 6.015(3)(i)(d) del Código Municipal de Puerto Rico, Ley 107-2020, 21 LPRA secs. 7332 y 7865 (3)(i)(d). Añadió que, el 12 de junio de 2023, remitió una misiva a la entidad, a modo de reclamación extrajudicial, solicitándole cumplir con el deber de aceptar el pago de arbitrios y patentes pendientes y, de emitir el recibo mandatorio. Sin embargo, afirmó que ello, por igual, resultó infructuoso, ocasionando que sus trámites ante la OGPe se retrasaran.

La parte apelante indicó que la actuación de los apelados constituyó una negativa a su deber ministerial de aceptar el pago por concepto de arbitrios de construcción y patentes municipales, conforme lo dispuesto en el Código Municipal, *supra*. De este modo, y tras sostener que su auto de *mandamus* cumplía con todas las exigencias legales pertinentes, solicitó al Tribunal de Primera Instancia que expidiera el mismo y, en consecuencia, que ordenara a los apelados cumplir con el cobro de los arbitrios y las patentes en litigio.

El 6 de septiembre de 2024, el apelado Alcalde García Figueroa, presentó una *Moción de Desestimación*. Entre sus argumentos, indicó que el emplazamiento dirigido a su persona adolecía de ciertas deficiencias que lo invalidaban. A su vez, añadió, que las alegaciones en su contra eran insuficientes y que la parte apelante, a los fines de cumplir con las exigencias para la procedencia del *mandamus* solicitado, no expuso fuente legal alguna en la que se sustentara el deber ministerial invocado en cuanto a su persona. De este modo, solicitó al foro primario la desestimación de la causa de epígrafe.

En igual fecha, la parte apelante presentó su *Moción en Oposición a Desestimación*. En particular, expresó que, contrario a lo aducido, los emplazamientos dirigidos a todas partes cumplieron con las exigencias procesales aplicables para su validez. Mediante *Resolución y Orden* del 7 de septiembre de 2023, el Tribunal de Primera Instancia resolvió que el diligenciamiento del emplazamiento del apelado Alcalde García Figueroa era nulo, por no haberse observado los criterios procesales pertinentes. No obstante, dado a que, a dicho momento, no había expirado el término de 120 días para emplazar, según dispuesto por la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 (c), denegó la desestimación solicitada y extendió un plazo de diez (10) días a la parte apelante para presentar nuevos proyectos de emplazamiento.

Así las cosas, y tras acontecidas varias incidencias no pertinentes a la controversia de autos, el 16 de octubre de 2023, los aquí apelados presentaron una segunda *Moción de Desestimación*. En esta ocasión, conjuntamente, reprodujeron el argumento en cuanto a que el deber ministerial invocado por el apelante no estaba sustentado en base legal alguna. En principio, sobre dicho particular, indicaron que el Municipio apelado, por no ser persona natural, ni corporación, no estaba sujeto a los efectos de un *mandamus*. Añadieron, a su vez, que el Alcalde García Figueroa tampoco estaba obligado mediante el recurso solicitado por el apelante. Para sustentar su postura, plantearon que el Artículo 1.018 del Código Municipal, *supra*, 21 LPRA sec. 7028, sobre *las "Facultades, Deberes y Funciones Generales del Alcalde"*, no impone ningún deber ministerial relacionado al cobro de arbitrios de construcción, por lo que, en cuanto a su persona, también resultaba improcedente el *mandamus* solicitado. Así, sosteniéndose en sus argumentos, los apelados se refirmaron en la desestimación de la causa de epígrafe.

El 8 de noviembre de 2023, la parte apelante presentó una *Moción en Solicitud de Orden.* En lo atinente a la presente causa, se reafirmó en que los apelados incumplieron un deber ministerial impuesto por ley. Específicamente, expresó que, en su petición de *mandamus,* invocó la letra de los Artículos 2.110 y 6.015(3)(i)(d) del Código Municipal, *supra,* por lo que los apelados estaban impedidos de argumentar que no esbozó disposición legal alguna para sustentar su petitorio. Con relación a ello, indicó que la primera de las referidas disposiciones estatuía la obligación de los apelados en cuanto a cumplir con lo peticionado. Por su parte, añadió que, la segunda disposición, establecía la falta de autoridad de los apelados en cuanto a evaluar o denegar una obra de construcción de la torre de telecomunicaciones.  Así, solicitó al tribunal de origen que proveyera de conformidad con su súplica.  El 9 de octubre de 2023, los apelados presentaron su escrito en oposición a la referida solicitud de orden.

El 27 de diciembre de 2023, el Tribunal de Primera Instancia notificó la *Sentencia* aquí apelada.  Resolvió que, tras analizar los Artículos 2.110 y 6.015(3)(i)(d) del Código Municipal, *supra,* 21 LPRA secs. 7332 y 7865 (3)(i)(d), no surgía que las referidas disposiciones impusieran a los apelados deber ministerial alguno en cuanto a recibir y cobrar arbitrios de construcción de obras.  De este modo, concluyó que, toda vez ello, el auto de *mandamus* era improcedente en derecho, por lo que declaró *Con Lugar* la desestimación solicitada.

Inconforme, el 25 de enero de 2024, la parte apelante compareció ante nos mediante el presente recurso de apelación. En el mismo, expone el siguiente señalamiento:

> Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la solicitud de Petición de Mandamus y emitir Sentencia contrario a derecho, al razonar que la parte demandante falló en señalar específicamente el estatuto legal del cual surge el acto mandatorio que debe realizar el Municipio y su Alcalde.

Luego de examinar el expediente de autos, y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

**II**

**A**

El auto de *mandamus* es un recurso extraordinario altamente privilegiado y discrecional, cuya expedición persigue ordenar a determinada persona natural, corporación, o tribunal de inferior jerarquía, el cumplimiento o la ejecución de determinado acto propio de sus deberes y atribuciones. Artículo 649, Código de Enjuiciamiento Civil, 32 LPRA sec. 3421; *Kilómetro 0 v. Pesquera López et al.,* 207 DPR 200, 214 (2021)*; Aponte Rosario et al. v. Pres. CEE II*, 205 DPR 407, 427 (2020); *AMPR. v. Srio. Educación, ELA*, 178 DPR 253, 263 (2010). El referido mecanismo resulta idóneo para exigir la realización de una obligación impuesta por ley, siempre que no exista otro remedio a tal fin. *Aponte Rosario et al. v. Pres. CEE II*, supra, 427-428.  Sin embargo, la misma debe ser una de naturaleza ministerial, que no admite discreción en su ejercicio. *Romero, Valentín v. Cruz, CEE et al.,* 205 DPR 972, 985 (2020); *AMPR v. Srio. Educación, ELA,* supra, pág. 263. De este modo, su ejecución debe ser una claramente definida, es decir, que "la ley no solo debe autorizar, sino exigir la acción requerida". *Íd.,* pág. 264, citando a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. LexisNexis de Puerto Rico, 2007, pág. 477.

A tenor con lo anterior, cuando el deber de que trate es uno de tal naturaleza que puede quedar sujeto a la discreción o juicio del funcionario o persona promovida, el mismo no se considera como ministerial.  Siendo así, la exigibilidad de su cumplimiento queda fuera del ámbito del recurso extraordinario de *mandamus*. No obstante, precisa destacar que la doctrina interpretativa pertinente reconoce que la letra de la ley no es determinante al momento de

establecer la naturaleza de la obligación cuya inobservancia se señala mediante el recurso de *mandamus*. Ello es así, puesto que se reconoce que, en dicha tarea, entra en función la facultad interpretativa que reviste al Poder Judicial respecto a los estatutos que componen nuestro esquema legal. *AMPR. v. Srio. Educación, ELA,* supra, pág. 266. De esta forma, la determinación sobre la existencia, o no, del deber ministerial invocado por el promovente, surge "del examen y análisis de todos los elementos útiles a la función interpretativa, del examen paciente y riguroso que parte de la letra de la ley, y de la evaluación de todos los elementos de juicio disponibles para así descubrir el verdadero significado y propósito de la disposición legal". *Íd.*

La expedición de un recurso de *mandamus* descansa en la sana discreción del tribunal. El mismo está disponible, no para reemplazar los remedios legales alternos que provean para lo solicitado, sino para suplir la falta de los mismos. *AMPR. v. Srio. Educación, ELA*, supra, págs. 266-267. Así, en la consideración de la referida tarea adjudicativa, el tribunal competente debe considerar lo siguiente: 1) que el demandado tenga un deber u obligación ministerial impuesto por ley, un deber que surja diáfanamente de la ley sin opinión a no cumplir el mismo; 2) que el promovente tenga un interés especial en el derecho que reclama; 3) que el deber de actuar así como el derecho del promovente emane de la ley de forma clara y contundentemente; 4) que el promovente no tenga otro remedio legal para hacer valer su derecho y; 5) que el tribunal entienda que los fines de la justicia obligan a su expedición, luego de ponderar el efecto que acarrea su concesión incluyendo el impacto que pueda tener a los intereses públicos involucrados. *AMPR v. Srio. Educación, ELA,* supra, págs. 264-265.

**B**

Por su parte, mediante la aprobación del Código Municipal de Puerto Rico, Ley 107-2020, 21 LPRA sec. 7001 *et seq.,* se insertó en nuestro estado de derecho un esquema legal dirigido a ampliar el grado de autonomía de los municipios, a fin de incrementar sus facultades en el cabal cumplimiento de sus responsabilidades. Véase, Exposición de Motivos, Ley 107-2020, *supra.* El referido estatuto "compila e integra todas las leyes existentes y vinculadas al funcionamiento de los gobiernos municipales", cumpliendo así con el propósito de ofrecer un marco legal unitario que provea "para el descargue y ejecución de [las] facultades, competencias y funciones" de los municipios. *Íd*; 21 LPRA sec. 7002. Por tanto, en la consecución de los objetivos y principios que a tales fines contempla, el Código Municipal, *supra*, establece que sus disposiciones habrán de interpretarse "liberalmente a favor de los municipios", cumpliéndose, de este modo, la política pública de garantizarles las facultades jurídicas, fiscales y administrativas necesarias para salvaguardar el bienestar de sus habitantes. 21 LPRA sec. 7005.

En lo atinente, entre sus disposiciones, la referida compilación legal establece las normas aplicables a los municipios con relación a sus facultades ante el pago de arbitrios de construcción por parte de una persona natural o jurídica. Al respecto, define las facultades del funcionario pertinente en la tarea de evaluar y disponer sobre el cobro y pago del arbitrio de construcción. En específico, el Artículo 2.110 del Código Municipal, supra, reza, en parte, como sigue:

> Los municipios aplicarán las siguientes normas con relación al arbitrio de construcción:
>
> (a) Radicación de Declaración — La persona natural o jurídica responsable de llevar a cabo la obra como dueño, o su representante, deberá someter ante la Oficina de Finanzas del municipio en cuestión una Declaración de Actividad detallada por renglón que describa los costos totales de la obra a realizarse.

(b) Determinación del Arbitrio — El Director de Finanzas, o su representante autorizado, revisará el valor estimado de la obra declarada por el contribuyente en la Declaración de Actividad e informará su decisión mediante correo certificado con acuse de recibo o entrega registrada con acuse de recibo al solicitante antes de quince (15) días después de radicada la Declaración. El Director de Finanzas podrá:

(1) Aceptar el valor estimado de la obra declarado por el contribuyente, en cuyo caso le aplicará el tipo contributivo que corresponda y determinará el importe del arbitrio autorizado.

(2) Rechazar el valor estimado de la obra declarado por el contribuyente, en cuyo caso este procederá a estimar preliminarmente el valor de la obra a los fines de la imposición del arbitrio, dentro del término improrrogable de quince (15) días, contados a partir de la radicación de la Declaración por el contribuyente. Efectuada esta determinación preliminar, la misma será notificada al contribuyente por correo certificado con acuse de recibo o personalmente con acuse de recibo.

(c) Pago del Arbitrio — Cuando el Director de Finanzas, o su representante autorizado, acepte el valor estimado de la obra declarada por el contribuyente según el anterior inciso (b)(1), el contribuyente efectuará el pago del arbitrio correspondiente dentro de los quince (15) días laborables siguientes a la determinación final, en giro bancario, método electrónico o cheque certificado pagadero a favor del municipio. El oficial de la Oficina de Recaudaciones de la División de Finanzas emitirá un recibo de pago identificando que se trata del arbitrio sobre la actividad de la construcción. Cuando el Director de Finanzas, o su representante autorizado, rechace el valor estimado de la obra e imponga un arbitrio según el inciso (b)(2) de este Artículo, el contribuyente podrá:

(1) Proceder dentro de los quince (15) días laborables siguientes al acuse de recibo, con el pago del arbitrio, aceptando así la determinación del Director de Finanzas como una determinación final.

(2) Proceder con el pago del arbitrio impuesto bajo protesta dentro de los quince (15) días laborables siguientes al acuse de recibo de la notificación de la determinación preliminar; y, dentro del mismo término, solicitar por escrito la reconsideración de la determinación preliminar del Director de Finanzas, radicando dicha solicitud ante el Oficial de la Oficina de Recaudaciones ante quien realice el pago.

(3) Negarse a efectuar el pago, detener su plan de construcción, mover la fecha de comienzo de la obra y solicitar una revisión judicial, según lo dispuesto por el Artículo 1.050 de este Código, dentro del término improrrogable de veinte (20) días, contados a partir de la notificación de la determinación preliminar del Director de Finanzas.

[...].

El municipio podrá solicitar al desarrollador o contratista, fuese público o privado, evidencia acreditativa sobre el costo final del proyecto para verificar aumentos en el valor final de construcción, con el propósito de imponer pago de arbitrios por el aumento en valor de la obra

[...].  21 LPRA sec. 7332.

### III

En la presente causa, la parte apelante plantea que el Tribunal de Primera Instancia erró al denegar el auto de *mandamus* que solicitó a los fines de que los aquí apelados cobraran los arbitrios de construcción pertinentes a su proyecto de obra en la demarcación territorial concernida.  En específico, aduce que el foro primario incidió al resolver que no estableció deber ministerial alguno debidamente establecido por ley, que pudiera compeler a los apelados a la acción solicitada.  Habiendo examinado el referido señalamiento a la luz de los hechos y del derecho aplicable, revocamos la sentencia apelada.

Al entender sobre los documentos que obran en autos, no podemos sino diferir del raciocinio judicial ante nos impugnado. Es nuestro criterio que las disposiciones del Código Municipal, *supra,* según invocadas por el apelante, en efecto, imponen a los recurridos, un deber ministerial de actuar respecto a su petitorio.  Si bien el Artículo 2.110, *supra,* literalmente no consiga la obligación de los municipios y sus alcaldes de recibir y cobrar arbitrios de construcción de obras dentro de su jurisdicción, establece todo un proceso respecto al manejo de la declaración de radicación de

arbitrio pertinente hasta la determinación final a emitirse. Ciertamente, ello permite inferir que, si la antedicha disposición, provee un esquema legal para canalizar la gestión ciudadana a tales efectos, los municipios vienen llamados a emitir una expresión concreta sobre el asunto. El contenido del Artículo 2.100, *supra*, es claro al exponer los posibles escenarios relacionados al pago de arbitrios de construcción. Por ello, a la luz de su letra, entendemos que existen elementos de juicio suficientes que permiten deducir que la intención de la Ley es que, ante el proceso pertinente, los municipios asuman una posición sobre la solicitud, de modo que la persona natural o jurídica interesada pueda actuar respecto a la determinación emitida.

Por otra parte, y tal cual argumenta la parte apelante, la negativa de los aquí apelados en cuanto a atender la solicitud de pago de arbitrios de construcción en disputa, incide sobre las facultades legales que competen a la OGPe para considerar el permiso de obra requerido. Surge que, ante la falta de evidencia de pago de arbitrios de construcción, el referido organismo está impedido de evaluar la petición de la parte apelante. Toda vez la naturaleza de la obra de construcción en controversia, a saber, una torre de telecomunicaciones, los apelados no tienen la potestad para adjudicar la solicitud de la misma. Sin embargo, el incumplimiento de los apelados con el deber que les asiste, ello en cuanto a no emitir determinación alguna sobre el pago de los arbitrios por parte de la entidad apelante, ha tenido el efecto de paralizar la solicitud de la obra en cuestión, hecho que, en estricto derecho, no se puede sostener.

En mérito de lo antes expuesto, dejamos sin efecto lo resuelto por ser contrario a derecho. En consecuencia, compete que los aquí apelados atiendan la solicitud de pago de arbitrios de construcción

de la parte apelante, todo conforme expresamente lo dicta el Artículo 2.110 del Código Municipal, *supra.*

**IV**

Por los fundamentos que anteceden, se revoca la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones